**Affirmed as Modified and Opinion filed May 9, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00632-CR

---

**EMERSON HANDY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1278565**

---

## O P I N I O N

Appellant Emerson Handy pleaded guilty to the offense of burglary of a habitation. The trial court, after considering a presentence investigation (PSI) report and two prior felony convictions, sentenced appellant to 45 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, appellant contends (1) the trial court erred in considering allegations that appellant committed murder; (2) the trial court erred in sentencing

appellant in the absence of a drug and alcohol evaluation; and (3) the specific dollar amount in court costs is not supported by sufficient evidence. We modify the trial court's judgment to delete the specific amount of costs assessed and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the PSI, the complainant was found strangled to death in her home on September 15, 2010. The bedroom in which the complainant's body was found appeared to have been ransacked as if the home had been burglarized. Appellant was arrested after he pawned a ring belonging to the complainant. Appellant admitted he knew the complainant and assisted her after she exited the Metro lift at the front of her apartment complex. Appellant further admitted he watched as the complainant entered her access code into the keypad on her front door. Appellant memorized the access code and claimed he gave the code to a white homeless male so that the man could steal from the complainant. Appellant further admitted he planned to receive money for helping the homeless man pawn the stolen items.

The PSI also mentions a codefendant who admitted knowing appellant and identified him as her boyfriend. She admitted entering the complainant's residence with appellant and assisting him in caring for the complainant. She further admitted to taking the complainant's laptop computer and exchanging it for crack, which she consumed with appellant.

The PSI reflected that appellant first entered the Texas Department of Criminal Justice (TDCJ) on January 23, 1985, and was paroled October 22, 1985. His parole was revoked due to a subsequent offense committed on August 16, 1986. He was paroled on November 25, 1987, then re-entered TDCJ on February 13, 1992, because he committed another offense while on parole. He was paroled

2

on November 5, 2001, then re-entered TDCJ May 10, 2005, when his parole was revoked. Finally, on January 7, 2010, he was paroled and was on parole when he committed the instant offense.

Appellant admitted addictions to alcohol and crack cocaine. The PSI also contained a victim impact statement from the complainant's sister.

## ANALYSIS

In his first issue appellant contends the trial court erred in considering allegations that appellant had committed murder. Specifically, appellant claims the trial court abused its discretion by considering capital murder allegations in sentencing appellant to 45 years in prison for burglary.

At the PSI hearing, appellant objected to the trial court's consideration of the allegations of capital murder contained in the PSI. The trial court responded as follows:

> Okay. And I think there is only one brief reference to it that the owner of the apartment that was burglarized was found with the ethernet cords wrapped around her neck, and she was dead. That's the only — but I will take notice of what your objection is. This is a sentencing on a burglary of a habitation and not a capital murder.

At the conclusion of the hearing, immediately prior to sentencing appellant, the trial court stated:

> Mr. Handy, it appears that you are a career criminal. You are a burglar. Time after time, you have been convicted of that. There is a dead person here. *No one is charging you with that, and I'm not even looking at that.* Let me tell you this: If it weren't for you giving out her door access number, maybe she wouldn't be dead. You understand the very day you give it out or within a day, she's dead. But I'm not looking at that. *I'm only looking at the fact that you admit that you went into her apartment and you took things.* (emphasis added)

3

When assessing punishment, a trial court may consider any evidence relevant to sentencing, including the contents of a PSI report. Tex. Code Crim. Proc. art. 42.12, § 9; *see Jagaroo v. State*, 180 S.W.3d 793, 799 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)("The trial court was authorized by statute to consider the PSI report and testimony [of the victim and the victim's relatives] prior to pronouncing punishment."). Further, the Court of Criminal Appeals has recognized that a PSI report may contain evidence that would not have been admissible in the punishment stage of a trial due to its subject matter, noting that generally "the rules of evidence do not apply to the contents of a PSI." *Fryer v.. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002) (holding trial court had authority to consider victim's punishment recommendation contained in PSI report). The court reasoned that "[t]o hold otherwise . . . would be to deny the obvious purpose of the statute." *Id.*

Although the trial court was entitled to consider evidence in the PSI report that may not necessarily be admitted at trial, the record reflects an affirmative statement by the court that it did not consider evidence of the murder. Because the record shows that the trial court did not consider the extraneous conduct, appellant's first issue is overruled.

In his second issue, appellant contends the trial court erred in sentencing him without ordering a drug and alcohol evaluation. Appellant argues the trial court was required to order a drug and alcohol evaluation in accordance with article 42.12, section 9(h) of the Texas Code of Criminal Procedure, which provides in part:

> (h) On a determination by the judge that alcohol or drug abuse may have contributed to the commission of the offense, . . . the judge shall direct a supervision officer . . . to conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for, alcohol

or drug rehabilitation for a defendant and to report that evaluation to the judge. The evaluation shall be made: . . .

(2) after conviction and before sentencing, if the judge assesses punishment in the case.

Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h). The statute is mandatory. *Smith v. State*, 91 S.W.3d 407, 409 (Tex. App.—Texarkana 2002, no pet.). However, a party must assert his right to a substance abuse evaluation or it is waived. *Alberto v. State*, 100 S.W.3d 528, 529 (Tex. App.—Texarkana 2003, no pet.); *see also Nguyen v. State*, 222 S.W.3d 537, 541–42 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

Appellant did not object to the trial court's failure to order a substance abuse evaluation. Appellant admits in his brief he did not request a substance abuse evaluation. Because he failed to preserve error, appellant's second issue is overruled.

In his third issue, appellant contends that there is insufficient evidence in the record to support the court costs assessed against him in the judgment. In its judgment, the trial court ordered appellant to pay $289.00 in court costs. A supplemental clerk's record filed with this court contains a judgment nunc pro tunc purporting to correct the court costs to reflect $234.00 in court costs. On March 20, 2013, the court issued "Entry of Judgment Nunc Pro Tunc" in which it stated that the court was "satisfied from its own recollection" that the correct cost bill was $234.00. The supplemental clerk's record also contains an itemized bill of costs reflecting $234.00 in court costs signed and dated by the Harris County District Clerk.

In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, pet. granted), this court held that when the record does not support

5

the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. In this case, the original judgment listed $289.00 in court costs. The record before this court does not reflect sufficient evidence before the court at the time the court included the specific dollar amount in its judgment. The court attempted to correct its judgment after receiving a bill of costs via judgment nunc pro tunc. The judgment nunc pro tunc, signed after appellant's brief was filed in this case, reflects court costs of $234.00 as shown by the bill of costs.

A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980). A trial court can fix a clerical error in the record, but only errors that were not the result of judicial reasoning are considered clerical errors that can be fixed by a nunc pro tunc judgment. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007). "Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time." *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984).

At the time the court signed the judgment it did not have sufficient evidence of either $289.00 or $234.00 in court costs. Therefore, a judgment nunc pro tunc is not the proper remedy to correct the dollar amount of court costs. The trial court did not err in ordering appellant to pay costs, as such is mandated by the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 42.16. However, the court erred in entering a specific dollar amount without support in the record for

6

that dollar amount.  *See Johnson*, 389 S.W.3d at 516.  Because there was no evidence of costs at the time the first judgment was entered, the amount of costs could not be corrected by judgment nunc pro tunc.  *See Johnson*, 233 S.W.3d at 425.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment nunc pro tunc to delete the specific dollar amount of costs.  *See Johnson* 389 S.W.3d at 517.  As modified, the judgment is affirmed.


/s/     Adele Hedges
Chief Justice


Panel consists of Chief Justice Hedges and Justices Frost and Donovan.

Publish — TEX. R. APP. P. 47.2(b).