**Opinion issued April 3, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00927-CR

———————————

**OSCAR MONTANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1330964**

---

## O P I N I O N

Without a sentencing recommendation from the State, appellant Oscar Montano pleaded guilty to the felony offense of burglary of a habitation with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The trial court

sentenced the appellant to 18 years in prison and imposed court costs. Presenting one issue on appeal, Montano contends that there is insufficient evidence to support the award of court costs ordered by the trial court. We modify the judgment of the trial court to reflect those costs supported by the record, and as so modified, we affirm.

## Background

Montano was indicted for burglary of a habitation with the intent to commit theft. Without a recommendation as to punishment, he pleaded guilty to the charged offense and pleaded true to the enhancement allegation that he had previously been convicted of the felony offense of burglary of a habitation. The trial court sentenced him to confinement for 18 years. Furthermore, Montano was ordered to pay $244 in court costs as part of the judgment.

Montano appealed, and he requested that the clerk's record on appeal include, among other things, a "bill of costs reflecting all fees and costs assigned to [him] post-conviction." A bill of costs was subsequently prepared by the clerk and included in the record. The total reflected in the bill of costs was $234.

## Analysis

Montano challenges the sufficiency of the evidence to support the award of costs. In the trial court, he did not object to the amount of costs, but he did not need to do so to preserve his right to challenge them on appeal. *See Johnson v. State*,

No. PD-0193-13, 2014 WL 714736, at \*2–3 (Tex. Crim. App. Feb. 26, 2014). Montano does argue that the postjudgment preparation of a bill of costs violated his due process rights, and that the document therefore should not be considered. He thus contends that he should not have to pay any court costs, because there would be insufficient evidence to support the assessment without this bill. However, we review the sufficiency of the evidence to support the award of costs to determine if there was a basis for the costs, not to determine if there was sufficient evidence offered at trial to prove each cost. *See id.* at \*2.

## I. Due process

Montano asserts the production of a bill of costs after the entry of judgment violates his due process rights and should not be considered by this court. Furthermore, Montano claims he received no notice and did not have an opportunity to be heard regarding the amount of court costs, because he did not receive a bill of costs before the judgment of the case. These arguments were recently considered and rejected by the Court of Criminal Appeals. "Convicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure." *Cardenas v. State*, No. PD-0733-13, 2014 WL 714734, at \*2 (Tex. Crim. App. Feb. 26, 2014); *see also Johnson*, 2014 WL 714736, at \*7 (holding that

a bill of costs is not required to support any particular amount of court costs). Montano's right to due process of law therefore has been satisfied with respect to notice and an opportunity to be heard regarding the imposition of court costs. *Cardenas*, 2014 WL 714734, at *2.

## II.    Constitutional objections to specific costs

Montano also argues that the postjudgment supplementation of the record with a bill of costs wrongfully precluded him from making constitutional objections to the "consolidated court costs" on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute"). He claims this was a separate violation of due process, but this argument was also rejected by the Court of Criminal Appeals in *Johnson*: "an appellant is not prejudiced by the supplementation of the record under these circumstances because he or she need not object at trial to contest the imposition of court costs on direct appeal, and an appellant has a separate statutory remedy to correct erroneous or unsupportable costs." *Johnson*, 2014 WL 714736, at *4 (citing TEX. CODE CRIM. PROC. ANN. art. 103.008(a)). Accordingly we overrule this issue.

## III.    Sufficiency of evidence to support costs

Finally we review the award of costs by reviewing the facts in the record to determine whether they provide a basis for the assessed court costs. *See id.* at *2.

4

In response to Montano's request, the district clerk filed a document that was generated by the Harris County Clerk's Justice Information Management System. This document was printed out and certified by the district clerk of Harris County. The document, entitled "Cost Bill," itemized the various costs of Montano's case.

The costs are listed on two pages. The first page lists costs and a subtotal of $60 of costs, including:

$40  "clerks fee" [1]
$15  "sheriffs fee" [2]
+    $5  "security fee" [3]
$60  "subtotal"

The first page also lists the following costs which are component parts of the $15 "sheriffs fee":

$5  "commitment" [4]
$5  "release" [5]

---

[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2007) ("A defendant convicted of an offense in a county court, a county court at law, or a district court shall pay for the services of the clerk of the court a fee of $40."). The record reflects that a conviction issued in the case on September 25, 2011.

[2]  *See generally id.* art. 102.011 (West Supp. 2013) (fees for services of peace officers).

[3]  *See id.* art. 102.017(a) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court."). The record reflects that a conviction issued in the case on September 25, 2011.

[4]  *See id.* art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for service performed in the case by a peace officer . . . $5 for commitment or release . . . ."). The record reflects that a felony commitment was issued on September 25, 2012.

$$+ \quad \$5 \quad \text{"arrest w/o warrant/capias"}^{[6]}$$

$$\$15 \quad \text{"sheriffs fee"}$$

The second page carries forward the $60 subtotal from the first page and lists the following additional costs, culminating in $234 as the "total amount owed":

$60 "page 1 subtotal"
$4 "court technology fund"[7]
$4 "jury reimbursement fee"[8]
$ 25 "DC record preservation"[9]

---

[5] *See id.* art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for service performed in the case by a peace officer . . . $5 for commitment or release . . . ."). The record reflects that a conviction was issued in the case on September 25, 2011.

[6] *See id.* art. 102.011(a)(1) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 . . . for making an arrest without a warrant . . . ."). The record reflects that an arrest was made on December 12, 2011, and there is no record of a warrant being issued.

[7] *See id.* art. 102.0169(a) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 county and district court technology fee as a cost of court."). The record reflects that a conviction was issued in the case on September 25, 2011.

[8] *See id.* art. 102.0045(a) ("A person convicted of any offense, other than an offense relating to a pedestrian or parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code."). The record reflects that a conviction was issued in the case on September 25, 2011.

$$
\begin{array}{rl}
\$\ 2 & \text{``support of indg defense''}[10] \\
\$\ 133 & \text{``consolidated court costs''}[11] \\
+ \quad \$\ 6 & \text{``support judiciary fees''}[12] \\
\hline
\$\ 234 & \text{``total amount owed''}
\end{array}
$$

This bill of costs demonstrates the basis for an award of fees and costs totaling $234. An additional sum of $10 was incorporated into the judgment for a reason unexplained in the bill of costs or the state's appellate brief.

---

[9]    *See id.* art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code."). The record reflects that a conviction was issued in the case on September 25, 2011.

[10]   *See* TEX LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2013) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code."). The record reflects that a conviction was issued in the case on September 25, 2011.

[11]   *See id.* § 133.102(a)(1) (entitled "Consolidation Fees on Conviction," and providing: "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony . . ."); *see also* TEX. GOV'T CODE ANN. § 102.021(1) (West Supp. 2013). The record reflects that a conviction was issued in the case on September 25, 2011.

[12]   *See* TEX LOC. GOV'T CODE ANN. §133.105(a) (West 2008) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary."). The record reflects that a conviction was issued in the case on September 25, 2011.

Without any further guidance as to what authority may have justified the remaining $10 in assessed costs, we conclude that the trial court's award of court costs does not accurately comport with the record in that it does not reflect the total from the "cost bill." "An appellate court has the power to correct and reform a trial judgment to make the record speak the truth when it has the necessary data and information to do so." *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* TEX. R. APP. P. 43.2(b). The record supports modification of the judgment because the record supports court fees totaling to $234, and the State has suggested no basis upon which any greater amount would be justified. Accordingly, the trial court's judgment is modified to reflect that the court fees to be awarded match the "cost bill" in the record of $234.

## Conclusion

We modify the trial court's award of costs to $234 to reflect the supplemented record. As so modified, the judgment of the trial court is affirmed. *See* TEX. R. APP. P. 43.2(b).

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Publish. TEX. R. APP. P. 47.2(b).