**Affirmed as Modified and Memorandum Opinion on Remand filed May 15, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00814-CR

---

### HENRY JAMES KOHRHAMER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 185th District Court
### Harris County, Texas
### Trial Court Cause No. 1326892

---

### MEMORANDUM OPINION ON REMAND

Appellant Henry James Kohrhamer appeals his conviction for injury to an elderly person On original submission, appellant argued that there was insufficient evidence in the record to support the court's costs of $329 reflected in the judgment. We agreed and modified the trial court's judgment to delete the specific amount of costs assessed. *Kohrhamer v. State*, No. 14-12-00814-CR; 2013 WL 1136947 (Tex. App.—Houston [14th Dist.] March 19, 2013) *vacated and*

*remanded*, No. PD-0489-13; 2014 WL 1512952 (Tex. Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Id.* at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id*.

After the appellate record was filed, the trial court signed a judgment nunc pro tunc reflecting $324 in assessed costs. Because the trial court lacked jurisdiction to sign the judgment nunc pro tunc after the appellate record was filed, we must disregard the judgment nunc pro tunc contained in the supplemental clerk's record. *See Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995). Instead, we review the original judgment signed by the trial court.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record in this case contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment." In *Johnson*, the Court of Criminal Appeals held that a JIMS report constitutes an appropriate bill of costs because the report itemized the accrued court costs, was certified by the district clerk, and was signed by a deputy clerk. *Johnson*, 423 S.W.3d at 393. The JIMS report in this record is a compliant bill of costs because it contains an itemized list of costs, is certified by the district clerk, and is signed by a deputy district clerk. *See id.* at 392–93; *Perez v. State*, No. 14-12-00893-CR (Tex. App.—Houston [14th Dist.] April 22, 2014, no pet. h.) (mem. op., not designated for publication).

The trial court assessed $329 in costs against appellant. The sum of the itemized costs in the JIMS report is $324. We conclude that the trial court's assessment of $329 in costs does not accurately reflect the amount of costs for which there is a basis in the record. An appellate court may reform a trial court's judgment to accurately reflect the record when it has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. App. P. 43.2(b); *Montano v. State*, No. 01-12-00927-CR; 2014 WL 1328143 at *2 (Tex. App.—Houston [1st Dist.] April 3, 2014, no pet. h.). In accordance with the cost bill in the record, we modify the trial court's judgment to reflect court costs of $324.

On remand, we affirm the trial court's judgment as modified.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b).

3