**Affirmed as Modified and Memorandum Opinion on Remand filed May 15, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00758-CR

---

**ALEX TERRELLDEVON JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1276724**

---

## MEMORANDUM OPINION ON REMAND

Appellant Alex Terrelldevon Jackson appeals his conviction for aggravated assault with a deadly weapon. Appellant and was sentenced in accordance with a plea bargain agreement with the State to five years' deferred adjudication probation and a $500 fine. The trial court subsequently revoked appellant's probation and sentenced him to seven years in prison. On original submission, appellant argued that (1) the trial court erred in adding a $500 fine to the judgment

after the court pronounced sentence as simply "seven years' confinement"; and (2) there is insufficient evidence in the record to support the court's costs of $279 reflected in the judgment. We agreed and modified the trial court's judgment to delete the fine and the specific amount of costs assessed. *Jackson v. State*, No. 14-12-00758-CR; 2013 WL 1197879 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013) *vacated and remanded*, No. PD-482-13; 2014 WL 1512951 (Tex. Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

After the appellate record was filed, the trial court signed a judgment nunc pro tunc reflecting $259 in assessed costs, and deletion of the $500 fine. Because the trial court lacked jurisdiction to sign the judgment nunc pro tunc after the appellate record was filed, we must disregard the judgment nunc pro tunc contained in the supplemental clerk's record. *See Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995). Instead, we review the original judgment signed by the trial court.

As we concluded on original submission the $500 fine amount must be deleted from the judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (Because the oral pronouncement controls, fine that was not orally pronounced must be deleted.). We sustain appellant's first issue.

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Id.* at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id.*

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment

2

for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record in this case contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment." In *Johnson*, the Court of Criminal Appeals held that a JIMS report constitutes an appropriate bill of costs because the report itemized the accrued court costs, was certified by the district clerk, and was signed by a deputy clerk. *Johnson*, 423 S.W.3d at 393. The JIMS report in this record is a compliant bill of costs because it contains an itemized list of costs, is certified by the district clerk, and is signed by a deputy district clerk. *See id.* at 392–93; *Perez v. State*, No. 14-12-00893-CR (Tex. App.—Houston [14th Dist.] April 22, 2014, no pet. h.) (mem. op., not designated for publication).

The trial court assessed $279 in costs against appellant. The sum of the itemized costs in the JIMS report is $579, which includes the $500 fine and a notation that $180 was previously paid. After deletion of the fine, the total amount owed according to the JIMS report is $79. Adding the $180 previously paid brings the total amount of court costs to $259.

We conclude that the trial court's assessment of costs does not accurately reflect the amount of costs for which there is a basis in the record. An appellate court may reform a trial court's judgment to accurately reflect the record when it has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. App. P. 43.2(b); *Montano v. State*, No. 01-12-00927-CR; 2014 WL 1328143 at *2 (Tex. App.—Houston [1st Dist.] April 3, 2014, no pet. h.). In accordance with the cost bill in the record, we modify the trial court's judgment to reflect court costs of $259. We further modify the court's judgment to delete the assessment of a $500 fine.

On remand, we affirm the trial court's judgment as modified.


PER CURIAM


Panel consists of Justices Boyce, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).