**Affirmed as Modified and Memorandum Opinion on Remand filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00182-CR

---

### LOUIS DOUGLAS ROGERS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1306523**

---

## MEMORANDUM OPINION ON REMAND

Appellant Louis Douglas Rogers appeals his conviction for murder. On original submission, appellant argued that there was insufficient evidence in the record to support the court's costs of $594 reflected in the judgment. We agreed and modified the trial court's judgment to delete the specific amount of costs assessed. *Rogers v. State*, 402 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2013) *vacated and remanded*, No. PD-773-13; 2014 WL 1464838 (Tex. Crim.

App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Id.* at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id*.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record in this case contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment." In *Johnson*, the Court of Criminal Appeals held that a JIMS report constitutes an appropriate bill of costs if the report itemizes the accrued court costs in the appellant's case, contains a certification by the trial court clerk that the document is a true and correct copy of the original, and is signed by a deputy clerk. *Johnson*, 423 S.W.3d at 393.

The first supplemental clerk's record filed in this case contains a JIMS report, which reflects $594 in costs. The second supplemental clerk's record contains an amended JIMS report, which reflects a total of $564 in costs. The trial court's judgment assessed $594 in costs. The difference between the two cost bills is that the first bill incorrectly assessed a $50 jury fee. The amended cost bill correctly assessed a $20 jury fee. *See* Tex. Code Crim. Proc. art. 102.004(a) (a defendant convicted by a jury in a district court must pay a $20 fee).

The trial court assessed $594 in costs against appellant. The sum of the itemized costs in the JIMS report is $564. This JIMS report itemizes the accrued

2

court costs in appellant's case, contains a certification by the district clerk that the document is a true and correct copy of the original, and is signed by a deputy clerk. We conclude that the trial court's assessment of costs does not accurately reflect the amount of costs for which there is a basis in the record. An appellate court may reform a trial judgment to accurately reflect the record when it has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. App. P. 43.2(b); *Montano v. State*, No. 01-12-00927-CR; 2014 WL 1328143 at *2 (Tex. App.—Houston [1st Dist.] April 3, 2014, no pet. h.). In accordance with the amended cost bill in the record, we modify the trial court's judgment to reflect court costs of $564.

On remand, we affirm the trial court's judgment as modified.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Busby and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).