**Affirmed as Modified and Memorandum Opinion on Remand filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-12-00632-CR

**EMERSON HANDY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1278565**

## MEMORANDUM OPINION ON REMAND

Appellant Emerson Handy appeals his conviction for burglary of a habitation. On original submission, appellant argued that there was insufficient evidence in the record to support the court's costs of $289 reflected in the judgment. We agreed and modified the trial court's judgment to delete the specific amount of costs assessed. *Handy v. State*, 401 S.W.3d 809, 813 (Tex. App.—Houston [14th Dist.] 2013) *vacated and remanded*, No. PD-717-13; 2014 WL

1464841 (Tex. Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id.*

After the appellate record was filed, the trial court signed a judgment nunc pro tunc reflecting $234 in assessed costs. Because the trial court lacked jurisdiction to sign the judgment nunc pro tunc after the appellate record was filed, we must disregard the judgment nunc pro tunc contained in the supplemental clerk's record. *See Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995). Instead, we review the original judgment signed by the trial court. The original judgment assessed $289 in costs.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id.* at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record contains a bill of costs that contains each item of cost, is signed by a representative of the district clerk's office who is entitled to receive payment of the costs, and is certified. *See Johnson*, 423 S.W.3d at 393.

The trial court assessed $289 in costs against appellant. The sum of the itemized costs in the cost bill is $234. An additional sum of $55 was incorporated into the judgment for a reason unexplained in the bill of costs or either party's brief. We conclude that the trial court's assessment of costs in the original judgment does not accurately reflect the amount of costs for which there is a basis in the record. An appellate court may reform a trial judgment to accurately reflect

the record when it has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. App. P. 43.2(b); *Montano v. State*, No. 01-12-00927-CR; 2014 WL 1328143 at *2 (Tex. App.—Houston [1st Dist.] April 3, 2014, no pet. h.). In accordance with the cost bill in the record, we modify the trial court's judgment to reflect court costs of $234.

On remand, we affirm the trial court's judgment as modified.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Donovan and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).