

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00242-CV

**IN THE INTEREST OF J.A.**, J.A., and J.A., Children

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01070
Honorable Richard Garcia, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: August 26, 2020

ORDER MODIFIED; AFFIRMED AS MODIFIED

In this parental rights termination case, the trial court terminated Mom's parental rights to her children J.A., J.A., and J.A.[i]  Mom challenges (1) the validity of a nunc pro tunc order that includes grounds for termination not pled or argued and (2) whether the evidence was legally and factually sufficient to support the trial court's findings on statutory grounds (N), (O), and (P).

Having reviewed the evidence under the applicable standards of review, we conclude it was legally and factually sufficient to support the trial court's findings.  We modify the trial court's nunc pro tunc order to correct the statutory grounds errors, and we affirm the order as modified.

---

[i] We use aliases to protect the children's identities.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

**BACKGROUND**

When Mom was arrested on an out-of-state warrant for theft of a vehicle, no family could be found to take her three children, so they were referred to the Department.[ii] As part of the intake, the Department investigator noted concerns about Mom's drug use in the children's presence.

The Department case worker created a service plan for Mom, which Mom signed, and the worker discussed the requirements with Mom. Mom's ordered services included completing a drug assessment and any recommended treatment, completing a parenting class, completing individual counseling, and providing proof of stable employment and safe housing for the children.

Mom was extradited to Wisconsin in May 2019 and released in September 2019. In Wisconsin, she entered in-patient drug treatment in January 2020, but she was unsuccessfully discharged in March for threatening and bullying other patients. She was rearrested on March 9, 2020, for violating a condition of her probation, then released in mid-March.

At the one-day bench trial on April 15, 2020, Mom had notice of the trial, but she did not appear. The Department's investigator and case worker testified, and the court heard the CASA's recommendation to terminate Mom's parental rights. The trial court terminated Mom's parental rights to her three children.

On appeal, Mom raises two issues. First, she argues the trial court's nunc pro tunc order, which added three statutory grounds for termination that were not pled or argued, should be voided and the original order reinstated. Second, she argues the evidence was neither legally nor factually sufficient to support the trial court's findings under subsections (N), (O), or (P).

---

[ii] Dad did not appeal. We recite only the facts that pertain to Mom and the children.

**EVIDENCE REQUIRED, STANDARDS OF REVIEW**

The evidentiary standards[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[3] and factual[4] sufficiency standards of review. We apply them here.

With regard to the testifying witnesses, the trial court was the "sole judge[] of the credibility of the witnesses and the weight to give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam). We begin with Mom's second issue.

**STATUTORY GROUNDS FOR TERMINATING MOM'S PARENTAL RIGHTS**

In her second issue, Mom challenges the legal and factual sufficiency of the evidence supporting the trial court's statutory grounds' findings.

**A. Statutory Ground Finding Required**

A single statutory ground finding, when accompanied by a best interest of the child finding, is sufficient to support a parental rights termination order. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re R.S.-T.*, 522 S.W.3d 92, 111 (Tex. App.—San Antonio 2017, no pet.). The Department argues the evidence was sufficient to support the trial court's finding on each ground, i.e., (N), (O), and (P). We begin with ground (N).

**B. Section 161.001(b)(1)(N)**

To prove a parent has constructively abandoned a child, the Department must prove the following:

> the child . . . has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
>
> > (i) the department has made reasonable efforts to return the child to the parent;
> >
> > (ii) the parent has not regularly visited or maintained significant contact with the child; and

> (iii) the parent has demonstrated an inability to provide the child with a safe environment;

TEX. FAM. CODE ANN. § 161.001(b)(1)(N); *accord In re F.E.N.*, 542 S.W.3d 752, 766 (Tex. App.—Houston [14th Dist.] 2018), *pet. denied sub nom. In re F.E.N.*, 579 S.W.3d 74 (Tex. 2019) (per curiam). "The first element focuses on the Department's conduct; the second and third elements focus on the parent's conduct." *In re A.L.H.*, 468 S.W.3d 738, 744 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *accord In re C.E.P.*, No. 01-19-00120-CV, 2019 WL 3559004, at *17 (Tex. App.—Houston [1st Dist.] Aug. 6, 2019, no pet.) (mem. op.).

## C. Department's Reasonable Efforts

Mom does not argue that the children were not in the Department's conservatorship for less than six months, and the record shows they were. Mom also does not challenge the evidence of her failing to maintain significant contact with the children or of her demonstrating her ability to provide her children with a safe environment. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N)(i) (significant contact), (iii) (safe environment). Instead, Mom argues the Department failed to prove it made reasonable efforts to return her children to her. *See id.* § 161.001(b)(1)(N)(i).

## D. Discerning Reasonable Efforts

"In reviewing the sufficiency of the evidence supporting termination under section 161.001[(b)](1)(N), the issue is whether the Department made reasonable efforts, not ideal efforts." *In re G.K.G.A.*, No. 01-16-00996-CV, 2017 WL 2376534, at *5 (Tex. App.—Houston [1st Dist.] June 1, 2017, pet. denied) (mem. op.) (quoting *In re N.K.T.*, No. 01-16-00439-CV, 2016 WL 6277415, at *8 (Tex. App.—Houston [1st Dist.] Oct. 27, 2016, no pet.) (mem. op.)).

Further, "[i]mplementation of a family service plan by the Department is considered a reasonable effort to return a child to its parent if the parent has been given a reasonable opportunity to comply with the terms of the plan." *In re A.Q.W.*, 395 S.W.3d 285, 289 (Tex. App.—San

Antonio 2013, no pet.); *accord In re A.M.T.*, No. 14-18-01084-CV, 2019 WL 2097541, at *4 (Tex. App.—Houston [14th Dist.] May 14, 2019, pet. denied) (mem. op.).

### E. Trial Testimony

Here, the trial court heard the following testimony regarding the Department's reasonable efforts to return the children to Mom.

The Department created a service plan for Mom, which she signed. *See In re A.Q.W.*, 395 S.W.3d at 289 (service plan created). The case worker maintained contact with Mom throughout the almost one-year duration of the case—while Mom was in Texas and Wisconsin. *See id.* (reasonable opportunity to comply). The case worker ensured Mom had a copy of her service plan while she was in Wisconsin, and the case worker repeatedly counseled with Mom about her plan. In turn, Mom assured the case worker "she was aware of what she needed to do and that she was going to get on it as soon as possible."

The case worker contacted her counterpart in Wisconsin, but Wisconsin would not assign a courtesy case worker for Mom. Undeterred, the case worker asked her supervisor to try to get a courtesy case worker, but the Wisconsin office still would not assign one. Instead, the office provided the case worker with the operating hours and telephone number for Wisconsin Health and Human Services, which the case worker gave to Mom.

### F. Constructive Abandonment

Because Mom does not challenge any other essential element, we conclude the trial court could have "reasonably form[ed] a firm belief or conviction about the truth of the [Department's] allegations," *see In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002), that the Department made reasonable efforts to return the children to Mom, and Mom failed to maintain significant contact with the children or demonstrate her ability to provide the children with a safe environment, *see* TEX. FAM. CODE ANN. § 161.001(b)(1)(N); *In re A.Q.W.*, 395 S.W.3d at 289; *In re A.M.T.*, 2019 WL 2097541,

at *4. Therefore, the evidence was legally and factually sufficient to support the trial court's finding that Mom constructively abandoned the children. *See* TEX. FAM. CODE ANN. § 161.001(B)(1)(N); *In re C.E.P.*, 2019 WL 3559004, at *17; *In re G.K.G.A.*, 2017 WL 2376534, at *5.

Because only a single statutory ground finding is needed to support an order terminating a parent's rights to a child, *In re A.V.*, 113 S.W.3d at 362, we need not address the other statutory grounds, *see* TEX. R. APP. P. 47.1; *In re R.S.-T.*, 522 S.W.3d at 111. We overrule Mom's second issue.

### NUNC PRO TUNC ORDER

In her first issue, Mom argues the nunc pro tunc order incorrectly added three statutory grounds to terminate her parental rights that the Department did not plead and which were not argued at trial. Mom asks this court to void the nunc pro tunc order and reinstate the original order.

The Department acknowledges that the nunc pro tunc order incorrectly added three grounds not pled or argued, i.e., (D), (E), (K), but asks this court to reform the order to match the record.

"An appellate court has the power to correct and reform a trial judgment to make the record speak the truth when it has the necessary data and information to do so." *Montano v. State*, 433 S.W.3d 694, 698 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.)); *see also* TEX. R. APP. P. 43.2(b) (authorizing a court of appeals to "modify the trial court's judgment and affirm it as modified"); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (agreeing that a court of appeals may reform a judgment "to make the record speak the truth").

The record shows, and the parties agree, that the Department pled and argued that Mom's parental rights should be terminated under only grounds (N), (O), and (P), not under grounds (D), (E), or (K). Because the record conclusively establishes that the Department did not plead or argue

grounds (D), (E), or (K), we may modify the trial court's order to match the facts. *See* TEX. R. APP. P. 43.2(b); *French*, 830 S.W.2d at 609; *Montano*, 433 S.W.3d at 698. Therefore, we modify the trial court's April 22, 2020 "Nunc Pro Tunc Order of Termination" as follows: under paragraphs 6.2.1., 6.2.2., and 6.2.3., we replace the paragraph's text with "deleted;". We make no other changes to the order.

## CONCLUSION

The evidence supporting the trial court's findings—that the Department made reasonable efforts to return the children to Mom but Mom constructively abandoned her children—was legally and factually sufficient, and Mom did not challenge the trial court's findings on the best interests of the children. Therefore, having modified the nunc pro tunc order to reflect the statutory grounds pled and argued, we affirm the order as modified.

Patricia O. Alvarez, Justice

---

[1] Clear and Convincing Evidence. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that (1) the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code, and (2) terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *In re D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b). Here, the trial court found Mom's course of conduct met the following criteria or grounds:

(N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
   (i) the department has made reasonable efforts to return the child to the parent;
   (ii) the parent has not regularly visited or maintained significant contact with the child; and
   (iii) the parent has demonstrated an inability to provide the child with a safe environment;
(O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; [and]
(P) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and:
   (i) failed to complete a court-ordered substance abuse treatment program; or

    (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

*Id.* § 161.001(b)(1).

[3] Legal Sufficiency.  When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'"  *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *In re J.F.C.*, 96 S.W.3d at 266).  If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient. *See id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266).

[4] Factual Sufficiency.  Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations."  *In re C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).  We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding."  *In re J.F.C.*, 96 S.W.3d at 266; *accord In re H.R.M.*, 209 S.W.3d at 108.