**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00106-CR**
**NO. 09-20-00107-CR**
_____

**DOUGLAS ANDREW MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause Nos. 23669 & 24559**

**MEMORANDUM OPINION**

The State indicted Douglas Andrew Moore for two separate counts of aggravated assault with a deadly weapon, a second-degree felony. *See* Tex. Penal Code Ann. § 22.02(a)(2), (b). Moore pled no contest to both counts, initially receiving deferred adjudication community supervision. Prior to the completion of the period of community supervision, the State moved to revoke on both counts. In a single proceeding, the trial court adjudicated Moore guilty and sentenced him to

1

five years of confinement on each count to run concurrently. Each written judgment adjudicating guilt also incorporated an "order of restitution" requiring Moore to pay costs, fees, and a $300 fine from the original deferred adjudication proceeding listed in a Bill of Costs to the District Clerk's office, plus $65 in each case for new court costs associated with the proceeding adjudicating his guilt.

Counsel filed a brief containing his professional evaluation that after a careful review of the record, he could find no arguable grounds on which to appeal and filed a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). After independently reviewing the record, we agree there are no arguable grounds that would support an appeal. *See Anders*, 386 U.S. at 744; *High*, 573 S.W.2d at 811. Therefore, it is unnecessary to appoint new counsel to re-brief this appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, we find it necessary to modify the trial court's judgments. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding an appellate court has the authority to modify the judgment in an *Anders* case and to affirm the judgment as modified).

## I. Background

At the revocation hearing which consolidated the two separate counts of the same offense in a single proceeding, Moore pled "not true" to the violations. Moore's probation officer testified regarding multiple violations of the terms of his probation.

2

The trial court found allegations (k), (dd), (hh), and (oo) true, specifically that Moore: (1) failed to abstain from drugs or alcohol; (2) failed to enter and complete an anger management course; (3) failed to complete his community service; and (4) failed to complete a State of Texas Contracted Intermediate Sanction Facility program but found the remaining allegations in the motions to revoke "not true."[1] During the revocation hearing, the trial court orally pronounced, "Sentence him to five years TDCJ on each case to run concurrent." There was no oral pronouncement of fines or restitution.

## II. Judgments Adjudicating Guilt

The judgments adjudicating guilt each carried over the original fines and fees from the orders of deferred adjudication and contained the following language in a parenthetical notation under the "Restitution Payable to:" heading in the judgments, "See special finding or order of restitution which is incorporated herein by this reference."

### A. Trial Cause Number 23669

In trial cause 23669, the original order placing Moore on deferred adjudication included a $300 fine and $349 in court costs. The judgment adjudicating guilt contained the following language:

---

[1] This was an amended term of Moore's probation to which he agreed after failing to complete a traditional anger management course.

3

> **DEFENDANT PLED TRUE TO ALL ALLEGATIONS IN THE MOTION TO REVOKE PROBATION FILED ON 1/21/2020. THE COURT FOUND ALL ALLEGATIONS TO BE TRUE. THE COURT FOUND THE DEFENDANT GUILTY AND SENTENCED THE DEFENDANT TO FIVE (5) YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, WITH 170 DAYS CREDIT. $65 COURT COSTS ARE ASSESSED.**
>
> **COURT COSTS, ATTORNEY FEES, AND FINES IN THE AMOUNT OF $409.00 ARE DELINQUENT AND ARE OWED FROM 7/5/2018 ADJUDICATION. COURT COSTS, ATTORNEY FEES, AND FINES FROM TODAY'S ADJUDICATION TOTAL $65.00. TOTAL FEES OWED $474.00 MUST BE PAID TO THE DISTRICT CLERK'S OFFICE.**

The attached Bill of Costs in cause 23669 shows a total amount of $474, including $409 from the original deferred proceeding plus $65 from the revocation proceeding. However, the $409 balance from the original deferred proceeding included $300 labeled as "FINES" listed in the Bill of Costs.

### B. Trial Cause Number 24599

In trial cause 24599, the order of deferred adjudication included a $300 fine, $349 in costs and fees, and $650 for attorney's fees. The judgment adjudicating guilt contained the following language:

> **DEFENDANT PLED TRUE TO ALL ALLEGATIONS IN THE MOTION TO REVOKE PROBATION FILED ON 1/21/2020. THE COURT FOUND ALL ALLEGATIONS TO BE TRUE. THE COURT FOUND THE DEFENDANT GUILTY AND SENTENCED THE DEFENDANT TO FIVE (5) YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION. WITH 170 DAYS CREDIT. $65 COURT COSTS ARE ASSESSED.**

**COURT COSTS, ATTORNEY FEES, AND FINES IN THE AMOUNT OF $1,059.00 ARE DELINQUENT AND ARE OWED FROM 7/5/2018 ADJUDICATION. COURT COSTS, ATTORNEY FEES, AND FINES FROM TODAY'S ADJUDICATION TOTAL $65.00. TOTAL FEES OWED $1,124.00 MUST BE PAID TO THE DISTRICT CLERK'S OFFICE.**

The Bill of Costs in cause 24599 shows total amount of $1,124 including a balance of $1059 from the original deferred proceeding plus $65 court costs from the revocation proceeding identical to those in trial cause 23669. The $1059 balance from the original deferred proceeding includes $300 labeled as "FINES[.]"

### III. Law

Although the orders deferring adjudication and placing Moore on community supervision included fines and court costs, the trial court's subsequent adjudication of guilt set aside the order deferring adjudication, including any fines. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). A trial court must orally pronounce a defendant's sentence in the defendant's presence. *See* Tex. Code Crim. Proc. Ann. art. 42.03 § 1(a); *Taylor*, 131 S.W.3d at 500. If there is a conflict between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *See Taylor*, S.W.3d at 500. Fines are punishment and generally must be orally pronounced in the defendant's presence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Thus, in a deferred adjudication situation, the fine from the original order of deferred adjudication does not carry

5

over if the defendant is adjudicated guilty, unless the trial court imposes a fine at the proceeding adjudicating guilt when it orally pronounces the defendant's sentence. *See Taylor*, 131 S.W.3d at 502.

Court costs are compensatory in nature and not punitive, therefore they do not have to be included in the oral pronouncement as a precondition to their inclusion in the written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Although the trial court's final judgment characterizes the amounts owed in the Bill of Costs payable as restitution, except the fines, they are court costs and fees rather than punishment. *See generally* Tex. Code of Crim. Proc. Ann. ch. 102 (outlining certain costs and fees permissible in criminal proceedings). In such circumstances, we will modify the judgment to properly characterize the amounts owed. *See Revia v. State*, No. 09-07-068-CR, 2007 WL 2446099, at *2-3 (Tex. App.—Beaumont Aug. 29, 2007, no pet.) (mem. op., not designated for publication) (modifying judgment to properly characterize amounts owed as court costs and fees rather than restitution).

The $65 court costs in trial cause 24599 associated with the proceeding adjudicating guilt is likewise problematic. "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a); *see also Clark v. State*, 592 S.W.3d

919, 933 (Tex. App.—Texarkana 2019, pet ref'd) (explaining since defendant was convicted of two or more offenses in a single criminal action, the court could only order payment of court costs once); *Cain v. State*, 525 S.W.3d 728, 734 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (modifying judgment to delete duplicative fees and costs when a defendant was convicted of multiple counts of the same offense in a single criminal action). Because Moore was convicted of multiple counts of the same offense in a single criminal action, the trial court could only assess these costs and fees once against Moore. *See* Tex. Code Crim. Proc. Ann. art. 102.073(a); *Clark*, 592 S.W.3d at 933.

## IV. Conclusion

We modify the judgment in trial cause 23669 as follows: (1) we delete any reference to the $300 fine or the word "fines" in the judgment and delete the $300 "FINE" from the attached Bill of Costs; (2) we add "See attached Bill of Costs" under the subheadings "Court Costs:" and "Reimbursement Fees:" to reflect that the remaining amounts are properly characterized as "court costs and fees" not as "restitution" and delete the language under the "Restitution Payable to:" subheading; (3) to reflect Moore pled "not true" rather than "true" to the allegations; and (4) we delete the language that the trial court found all allegations "true" and add language to indicate "the trial court specifically found allegations k, dd, hh, and oo 'true' and the remaining allegations 'not true.'"

We likewise modify the judgment in trial cause 24599 as follows: (1) we delete any reference to the $300 fine in the judgment or the word "fines" and delete the $300 "FINE" from the attached Bill of Costs; (2) we delete the $65 in newly-assessed court costs under the "Court Costs:" subheading and attached Bill of Costs; (3) we add "See attached Bill of Costs" under the subheadings "Court Costs:" and "Reimbursement Fees:" to reflect that the remaining amounts are properly characterized as "court costs and fees" not as "restitution" and delete the language under the "Restitution Payable to:" subheading; (4) to reflect Moore pled "not true" rather than "true" to the allegations; and (5) we delete the language that the trial court found all allegations "true" and add language to indicate "the trial court specifically found allegations k, dd, hh, and oo 'true' and the remaining allegations 'not true.'"

In all other respects, the judgments are affirmed.

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on February 1, 2021
Opinion Delivered January 12, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

8