**Clarence CAIN, Appellant**

**v.**

**The STATE of Texas, Appellee**

**NO. 14–16–00141–CR, NO. 14–16–00142–CR, NO. 14–16–00143–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed May 2, 2017

Discretionary Review Refused September 13, 2017

Jani J. Maselli Wood, Houston, TX, for Appellant.

Melissa H. Stryker, Houston, TX, for State.

Panel consists of Justices Christopher, Jamison, and Donovan.

## OPINION

Martha Hill Jamison, Justice

Defendant Clarence Cain pleaded guilty to three offenses of aggravated robbery.[1] After the trial court ordered a presentence investigation report (PSI), it sentenced appellant to 25 years' imprisonment as to each offense, to run concurrently. The PSI included a letter from appellant's mother implying that appellant might suffer from mental illness and a statement from appellant that he was under the influence of and possibly addicted to drugs when he committed the offenses.

On appeal, appellant complains that (1) the trial court erred in failing to order psychological and substance abuse evaluations of appellant to be included in the PSI;[2] (2) appellant's trial counsel provided ineffective assistance because he failed to object to the lack of such evaluations; and (3) the trial court erred in assessing duplicative court costs and fees against appellant as to each offense. We conclude that appellant waived his complaint that the trial court failed to order psychological and substance abuse evaluations and appellant failed to establish that he received ineffective assistance of counsel. We further conclude that the trial court erred in assessing duplicative court costs and fees and reform the trial court's judgments accordingly. As reformed, we affirm.

## I. Failure to Order Psychological and Substance Abuse Evaluations Waived

Appellant complains that the trial court did not order psychological and substance abuse evaluations to be included in the PSI. A PSI must include a psychological evaluation when a "defendant convicted of a felony offense ... appears to the [trial court] through its own observation or on suggestion of a party to have a mental impairment." Tex. Code Crim. Proc. art. 42.12 § 9(i). Similarly, a trial court is required to order a substance abuse evaluation when the trial court determines that "alcohol or drug abuse may have contributed to the commission of the offense." *Id.* § 9(h).

■ Appellant acknowledges that his trial counsel did not object to the absence of these evaluations from the PSI. However, appellant argues the right to such evaluations is a systemic right that cannot be waived.

■ The Court of Criminal Appeals has recognized three categories of rights belonging to litigants: systemic, waivable, and forfeitable. *Sanchez v. State*, 120 S.W.3d 359, 366 (Tex. Crim. App. 2003). Systemic rights include "a number of requirements and prohibitions which are essentially independent of the litigants' wishes. Implementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties. The clearest cases of nonwaivable, nonforfeitable systemic requirements are laws affecting the jurisdiction of the courts." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

■ We have consistently held that to preserve error, a party must specifically object to the omission of a psychological evaluation from a PSI. *See, e.g., Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.–Houston [14th Dist.] 2011, pet. ref'd); *Nguyen v. State*, 222 S.W.3d 537, 542 (Tex. App.–Houston [14th Dist.] 2007, pet. ref'd). Likewise, a party must assert his right to

---

1. These cases were tried together.

2. *See* Tex. Code Crim. Proc. art. 42.12 § 9(h)-(i).

a substance abuse evaluation to avoid waiver. *Alberto v. State*, 100 S.W.3d 528, 529 (Tex. App.–Texarkana 2003, no pet.); *see also Handy v. State*, 401 S.W.3d 809, 812 (Tex. App.–Houston [14th Dist.] 2013) (same), *pet. granted, judgm't vacated on other grounds*, 426 S.W.3d 104 (Tex. Crim. App. 2014); *Nguyen*, 222 S.W.3d at 542 (comparing right to psychological evaluation to right to substance abuse evaluation and noting that other appellate courts have held that the failure to object to the absence of a substance abuse evaluation waives the right to complain on appeal).

In *Nguyen*, we noted that a defendant can waive the right to a PSI and a psychological evaluation is part of a PSI. 222 S.W.3d at 541. We thus held that "it logically follows that a defendant can waive the right to complain about a part of the PSI being left out. The right to *a part* of the whole should not be given more protection than the right to the whole." *Id.* (emphasis in original). In concluding that a defendant can waive his complaint that the PSI lacks a psychological evaluation, we analogized that evaluation to a substance abuse evaluation, noting that at least three intermediate appellate courts have held that a defendant who failed to object at trial waived the right to complain on appeal that a substance abuse evaluation was not included in the PSI.[3] *Id.* at 541–42 (citations omitted).

We conclude that a defendant's right to these evaluations does not rise to the level of a systemic right. *Cf. Reyes v. State*, 361 S.W.3d 222, 230 (Tex. App.–Fort Worth 2012, pet. ref'd) (holding defendant's failure to object to trial court's consideration

of PSI, among other things, did not preserve error on complaint "given the court of criminal appeals ha[d] never held the rights [the defendant] complain[ed] of [were] systematic and given the procedural safeguards in place."). We again confirm that a defendant can waive the right to complain about psychological and substance abuse evaluations being left out of his PSI. *See Nguyen*, 222 S.W.3d at 541–42. Therefore, because appellant did not raise this issue in the trial court by a timely and specific objection, it is waived. *See* Tex. R. App. P. 33.1(a). We overrule appellant's first issue.

## II. No Showing of Ineffective Assistance

▮▮▮▮ Appellant contends he received ineffective assistance of counsel because his trial counsel did not object to the lack of psychological and substance abuse evaluations in the PSI. To prevail on an ineffective-assistance claim, a defendant must prove that counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We indulge a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To defeat this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."

---

**3.** In a case in which our judgment was vacated on other grounds and in unpublished opinions, we have directly held that a defendant can waive the right to complain on appeal about the absence of a substance abuse evaluation. *See Handy*, 401 S.W.3d at 812; *see also Perez v. State*, No. 14-07-00141-CR, 2008 WL 2026427, at *3 (Tex. App.–Houston [14th Dist.] May 13, 2008, no pet.) (mem. op., not designated for publication); *Leyva v. State*, No. 14-02-00849-CR, 2005 WL 240610, at *1 (Tex. App.–Houston [14th Dist.] Feb. 3, 2005, no pet.) (mem. op., not designated for publication).

*See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In the majority of cases, the appellant is unable to meet the first prong of the *Strickland* test—that trial counsel's representation fell below an objection standard of reasonableness—because the record on direct appeal is undeveloped. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect representation. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

It is not sufficient for the appellant to show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Mata*, 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant "must show that counsel's errors were so serious that he was not functioning as counsel." *Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995). We may not assume a lack of sound trial strategy on the part of trial counsel merely because we are unable to discern any particular strategic or tactical purpose in counsel's trial presentation. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("A vague, inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally incompetent.... [A] defendant must prove, by a preponderance of the evidence, that there

is, in fact, no plausible professional reason for a specific act or omission.").

Appellant argues that his trial counsel should have been prompted to request psychological and substance abuse evaluations based on written statements from appellant and his mother that were included in the PSI. Appellant's mother submitted a letter in which she stated, "Clarence needs guidance and maybe even mental help." Additionally, in his written statement, appellant said that he was under the influence of drugs when he committed the offenses:

> I became homeless and star[t]ed taking pills called tubs which made me feel like I can do anything and I found myself getting addicted and started robbing to get money to live in motels and for school clothes and I ended up taking pills more which lead [sic] me to not knowing why I was doing it. When I was doing it to survive it only benefited me in school by helping me focus.

Despite these statements, the record is silent as to trial counsel's actions: appellant did not file a motion for new trial and thus did not present any evidence regarding why trial counsel did not request psychological and substance abuse evaluations or what information could have been gleaned from such evaluations if they had been requested. On this silent record, we cannot conclude that trial counsel's failure to object to the absence of these evaluations was outside the range of professionally competent assistance. *See id.* at 835 ("Ineffective assistance of counsel claims are not built on retrospective speculation; they must be firmly founded in the record.").

Despite the dearth of evidence in the record, appellant argues, "There can be no strategy in failing to object to the legally

required evaluations."[4] Even if we were to agree with this proposition, in failing to present evidence of what information could have been revealed from such evaluations, appellant has not shown but for his counsel's actions, the result of his case would have been different.[5]

Appellant has neither shown that his counsel's representation fell below an objective standard of reasonableness nor that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different.[6] We overrule appellant's second issue.

### III. Duplicative Costs and Fees Improperly Assessed

Appellant and the State both agree that the trial court erroneously assessed duplicative costs and fees against appellant as to each of appellant's three convictions, identified as trial court cause numbers 1452528, 1453506, and 1455294. The parties disagree, however, as to the remedy that this court should impose.

Article 102.073 of the Code of Criminal Procedure provides that the trial court may assess each court cost or fee *only once* against a defendant when "a defendant is convicted of two or more offenses or of multiple counts of the same offense" in a single criminal action. Tex. Code Crim. Proc. art. 102.073(a).[7]

---

4. As discussed, we will not speculate as to trial counsel's motives. *See Bone,* 77 S.W.3d at 835.

5. *Cf. Cooks v. State,* 240 S.W.3d 906, 912 (Tex. Crim. App. 2007) (holding "conclusory allegation" regarding trial counsel's failure to investigate did not demonstrate prejudice because no showing was made of what evidence an investigation would have revealed that "reasonably could have changed the result"); *Stokes v. State,* 298 S.W.3d 428, 432 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd) (holding defendant did not establish ineffective assistance from his trial counsel's failure to investigate because defendant did not show "what the investigation … would have revealed that reasonably could have changed the result of this case" and thus "did not provide the trial court with sufficient facts from which the court reasonably could conclude that, but for counsel's alleged failures, a reasonable likelihood exists that the outcome of his trial would have been different").

6. Several unpublished cases, including one from this court, are consistent with our holding today. *See, e.g., Seaton v. State,* No. 05-06-01264-CR, 2007 WL 1192282, at *3 (Tex. App.–Dallas Apr. 24, 2007, no pet.) ("Based on the record presented, appellant has failed in her burden to show her trial counsel's performance was deficient [in failing to object to the absence of a substance abuse evaluation] or that she was prejudiced by counsel's conduct, or lack thereof. In the face of a silent record, we decline to speculate about the ba-

sis of trial counsel's decision."); *Kelley v. State,* No. 11-02-00245-CR, 2003 WL 21233511, at *3 (Tex. App.–Eastland May 29, 2003, no pet.) (mem. op., not designated for publication) ("In the present case, the record is silent as to why appellant's trial counsel chose not to object to the PSI report and not to request a substance abuse evaluation. The record is insufficient to overcome the strong presumption that counsel's conduct was reasonable."); *Ramirez v. State,* No. 14-94-00987-CR, 1996 WL 275071, at *2 (Tex. App.–Houston [14th Dist.] May 23, 1996, no pet.) (mem. op., not designated for publication) ("Because we have no record before this court to determine if the judge could have made a determination that alcohol or drug abuse contributed to the commission of the offenses, we can not determine whether or not appellant's counsel was ineffective for failing to ask the trial court for a drug evaluation report.").

7. Article 102.073 became effective on September 1, 2015. Act of June 19, 2015, 84th Leg., R.S., ch. 1160 § 3, 2015 Tex. Sess. Law Serv. Ch. 1160 (S.B. 740) (eff. Sept. 1, 2015) (codified at Tex. Code Crim. Proc. art. 102.073). The aggravated robberies were committed before the statute's effective date, but the statute is applicable to costs and fees imposed on or after the effective date "regardless of whether the offense for which the cost or fee was imposed was committed before, on, or after that date." *Id.* § 2. The parties agree that the statute was in effect when the trial court assessed costs.

The trial court assessed costs and fees of $239, $239, and $309 for the three cases. Appellant contends that, under the rule of lenity, the higher amount should be vacated and he should be assessed costs and fees of only $239. The State argues that $239 would not be adequate compensation because it does not account for additional fees incurred. We agree with the State.

We turn to the duplicative costs and fees assessed. The trial court assessed identical overlapping costs and fees for certain items in all three cases. We agree with the parties that the trial court erred in assessing these costs and fees against appellant more than once. *See id.; see also Robinson v. State*, No. 01-15-00808-CR, 514 S.W.3d 816, 827–28, 2017 WL 219156, at *8 (Tex. App.–Houston [1st Dist.] Jan. 19, 2017, pet. filed).

The highest amount of costs and fees assessed among the three cases is $309. We conclude this amount is recoverable and could be assessed against appellant. *See Robinson*, 514 S.W.3d at 827–28, 2017 WL 219156, at *8.

We reform the judgments for cause numbers 1453506 and 1455294 to delete the awards of costs and fees, which overlap, for the most part, with the costs and fees imposed in cause number 1452528.[8] *See id.* (citing Tex. R. App. P. 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified.") and *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (holding when trial court improperly included amounts in assessed court costs, proper remedy was to reform judgment to delete improper fees)). We do not modify the costs and fees assessed in cause number 1452528. We thus sustain appellant's third issue in part.

**8.** A $5 fee was assessed in cause numbers 1453506 and 1455294 but not cause number 1452528. The State requested we reform the

### Conclusion

We conclude appellant waived his complaint that the trial court did not order psychological and substance abuse evaluations. Appellant also has not shown that he received ineffective assistance of counsel based on his trial counsel's failure to object to the absence of such evaluations in the PSI. However, appellant established that the trial court erroneously assessed duplicative costs and fees against appellant in each of his cases.

We reform the judgments in trial court cause numbers 1453506 and 1455294 to delete the awards of costs and fees. We affirm these judgments as reformed. We affirm the judgment in trial court cause number 1452528 in its entirety.

judgments to reflect only the $309 assessment of fees and costs in cause number 14525258.