**Opinion issued November 20, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-18-00601-CR**
**NO. 01-18-00602-CR**

———————————

**KEITH BRIAN MATTHEWS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 3**
**Tarrant County, Texas[1]**
**Trial Court Case Nos. 1516429D & 1516483D**

---

**MEMORANDUM OPINION**

---

[1]   The Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

Appellant, Keith Brian Matthews, pleaded guilty to aggravated robbery with a deadly weapon[2] and theft of a firearm.[3] After a presentence investigation, the trial court assessed punishment at 11 years' confinement on the aggravated robbery case, two years' confinement on the theft case, and $279 in court costs in each case. Appellant contends that he was "unlawfully assessed duplicate court costs." We agree, affirm the aggravated-robbery judgment, modify the judgment in the theft case to delete the court costs, and affirm the theft judgment as modified.

## DUPLICATE COSTS

In his sole issue on appeal, appellant contends that the trial court erred by assessing court costs in both offenses because they were tried together in a single proceeding. The State agrees. *See Williams v. State*, 495 S.W.3d 583, 589 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd) (explaining that defendant may challenge on appeal "basis for assessing costs three times when, under article 102.073(a), the costs should have only been assessed once").

Article 102.073 of the Code of Criminal Procedure provides:

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

---

[2]     Trial court case no. 1516483D, Appellate case no. 01-18-00602-CR.

[3]     Trial court case no. 1516429D, Appellate case no. 01-18-00601-CR

2

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

(c) This article does not apply to a single criminal action alleging only the commission of two or more offenses punishable by fine only.

TEX. CODE CRIM. PROC. § 102.073.

In a single criminal action means allegations and evidence of more than one offense that are presented in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 201–02 (Tex. App.—Waco 2016, no pet.); *see also Cain v. State*, 525 S.W.3d 728 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (treating three aggravated robberies tried together as single criminal action for duplicate-court-cost purposes); *Derese v. State*, Nos. 09-17-00100-CR, 09-17-00101-CR, 2017 WL 5180064, at *2 (Tex. App.—Beaumont Nov. 8, 2017, pet. ref'd) (mem. op., not designated for publication) (deleting court costs for evading arrest or detention conviction when tried in the same criminal action as robbery); *Valdez v. State*, No. 03-16-00811-CR, 2017 WL 4478233, at *3-6 (Tex. App.—Austin Oct. 6, 2017, no pet.) (mem. op., not designated for publication) (deleting court costs on unlawful possession of firearm conviction tried with possession of controlled substance in same proceeding); *Wells v. State*, Nos. 12-17-00003-CR, 12-17-00004-CR, 2017 WL 3405317, at *3-4 (Tex. App.—Tyler Aug. 9, 2017, no pet.) (mem. op., not designated for publication) (deletion of court costs for robbery conviction

prosecuted in same plea proceeding as aggravated-robbery conviction); *Vega v. State*, No. 08-16-00057-CR, 2017 WL 1511336, at *1–2 (Tex. App.—El Paso Apr. 26, 2017, no pet.) (mem. op., not designated for publication) (multiple sets of court costs erroneously assessed when defendant convicted of five aggravated-sexual-assault-of-a-child offenses in single non-jury trial).

When, as here, duplicate court costs have been erroneously assessed by the trial court, we modify the judgment to reflect only the court costs assessed for the higher category of offense. TEX. CODE CRIM. PROC. art. 102.073(b). Aggravated robbery is a first-degree felony and theft of a firearm is a state-jail felony. TEX. PENAL CODE §29.03(b) (aggravated robbery); TEX. PENAL CODE ANN. § 31.03(e)(4)(C) (theft of firearm).

## CONCLUSION

We affirm the judgment in the aggravated-robbery conviction; we modify the judgment in the theft-of-a-firearm judgment to delete the $279 in court costs and, as modified, affirm the theft of a firearm judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).