

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-21-00119-CR
07-21-00120-CR
07-21-00121-CR
07-21-00122-CR

DOUGLAS ARNOLD PRUITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 064688-D, 072268-D, 079927-D-CR, and 080700-D-CR
Honorable Pamela Sirmon, Presiding

May 11, 2022

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Via four appeals, Appellant, Douglas Arnold Pruitt, challenges various court costs and fees taxed against him. We modify the bills of costs as specified in the following analysis and affirm the judgment in each case.

**Background**

In a unitary Zoom[1] hearing conducted over settings of April 28, 2021 and May 6, 2021, the trial court disposed of the State's four cases against Appellant.

In trial court cause number 064688-D (now, corresponding appeal number 07-21-00119-CR in this Court; and hereinafter referred to as "number 64688"), Appellant was charged with the December 9, 2011 offense of injury to a child. Following a guilty plea, punishment was assessed at seven years of confinement in prison, probated for ten years, with a $500 fine. At the 2021 hearing of the State's motion, the trial court revoked Appellant's community supervision and sentenced him to seven years of confinement with a $500 fine. Sentence was imposed May 6, 2021.

In trial court cause number 072268-D (appeal number 07-21-00120-CR; hereinafter "number 72268"), Appellant entered open pleas of guilty to two counts of sexual assault of a child occurring on November 15, 2014. Appellant was placed on five years of deferred adjudication community supervision, with a $500 fine on December 4, 2017. At the 2021 hearing on the State's motion to proceed, the trial court revoked Appellant's community supervision, adjudicated him guilty of both counts charged, and sentenced him to seven years of confinement with a $500 fine. Sentence was imposed May 6, 2021.

In trial court cause number 079927-D-CR (appeal number 07-21-00121-CR; hereinafter "number 79927"), Appellant entered an open plea of guilty to the August 21,

---

[1] "Zoom" is a video conferencing platform used for conducting remote proceedings during the Covid-19 pandemic. *See In re O.J.P.,* No. 01-21-00163-CV, 2021 Tex. App. LEXIS 7732, at *18 n.13 (Tex. App.—Houston [1st Dist.] Sep. 21, 2021, no pet.) (mem. op.).

2020 offense of failure to register as a sex offender. The trial court found Appellant guilty, an enhancement as true, and sentenced him to five years of confinement in prison. Sentence was imposed May 6, 2021.

In trial court cause number 080700-D-CR (appeal number 07-21-00122-CR; hereinafter "number 80700"), Appellant entered an open plea of guilty to the March 22, 2021 offense of failure to register as a sex offender. The trial court found Appellant guilty and sentenced him to five years of confinement in prison. Sentence was imposed May 6, 2021.

Appellant's four sentences were ordered to run concurrently. Court costs and fees taxed against Appellant were not imposed in open court. A written judgment was entered in each case on May 12, 2021. The judgments do not state an amount of court costs taxed against Appellant; rather each, under headings entitled "court costs" and "reimbursement fees," state "as per attached bill of costs." On appeal, Appellant presents six issues challenging various court costs imposed.

**Analysis**

A court of appeals has authority to modify an incorrect judgment when it has the necessary information to do so. *Campos-Dowd v. State,* No. 07-20-00342-CR, 2021 Tex. App. LEXIS 4553, at *7 (Tex. App.—Amarillo June 9, 2021, no pet.) (per curiam) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Likewise, an appellate court has authority on direct appeal to modify a bill of costs independent of finding an error in the trial court's judgment. *Contreras v. State,* Nos. 05-20-00185-CR, 05-20-00186-CR, 2021 Tex. App. LEXIS 10137, at *22-23 (Tex. App.—

Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication); *see also Bryant v. State,* No. 10-18-00352-CR, 2021 Tex. App. LEXIS 6000, at *3 (Tex. App.—Waco July 28, 2021, no pet.).  Generally, a defendant may challenge the imposition of court costs for the first time on direct appeal when, as in the four cases Appellant brings, those costs are not imposed in open court and the judgment does not contain an itemization of the costs imposed.  *London v. State,* 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

"[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'"  *Johnson v. State,* 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (quoting *Armstrong v. State,* 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)).  In reviewing the assessment of court costs on appeal, we determine if there is a basis for the cost, not if there was sufficient evidence offered at trial to prove each cost.  *Davis v. State,* No. 07-19-00055-CR, 2020 Tex. App. LEXIS 3287, at *6 (Tex. App.—Amarillo Apr. 17, 2020, no pet.) (mem. op., not designated for publication) (citing *Johnson,* 423 S.W.3d at 390).  "Whether a basis to assess a cost or fee exists depends on statutory law."  *Turner v. State,* No. 02-21-00058-CR, 2022 Tex. App. LEXIS 272, at *5 (Tex. App.—Fort Worth Jan. 13, 2022, pet. ref'd).  Only statutorily-authorized costs and fees may be assessed against a criminal defendant.  *Id.*

### First Issue

By his first issue, Appellant argues: "[Numbers 79927 and 80700] are convictions of two instances of the same offense tried in a single criminal action at which allegations

4

and evidence of each was presented. As such, can the bill of costs for each cause stand since they almost entirely charge the same court costs and fees?"

"If punishment is anything other than a fine," a trial court must "adjudge the costs against the defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16. However, "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The phrase, "in a single criminal action," refers to instances where "allegations and evidence of more than one offense . . . are presented in a single trial or plea proceeding." *Hurlburt v. State,* 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.); *Clark v. State,* 592 S.W.3d 919, 933 (Tex. App.—Texarkana 2019, pet. ref'd).

Because Pruitt was convicted of two offenses in a single criminal action (numbers 79927 and 80700), the trial court was authorized to order payment of each court cost and fee only once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *Cain v. State,* 525 S.W.3d 728, 733-34 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

We therefore examine which of the court costs that were imposed in numbers 79927 and 80700 should be upheld, and in what amounts. The amount of the cost or fee "is determined according to the category of offense" and "must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b). It has been held that when the convictions are for the same category of offense and the costs are the same, court costs should be based on the lowest trial court cause number. *Duchesneau v. State,* Nos. 02-18-00321-CR, 02-

5

18-00322-CR, 2019 Tex. App. LEXIS 4935, at *19 (Tex. App.—Fort Worth June 13, 2019, pet. ref'd) (mem. op., not designated for publication). In numbers 79927 and 80700, the costs and fees assessed are identical by type, but not dollar amount. In number 79927 the total is $375; in number 80700, the total is $365, the difference being in the amount of Sheriff's reimbursement fees. With agreement by the State, we modify the bill of costs attached to the judgment in number 80700 by deleting the costs and fees enumerated. Appellant's first issue is sustained.

### *Second Issue*

By his second issue, Appellant argues: "As matters of evident first impression, (1) are costs and fees, when assessed for a conviction entered when deferred adjudication is revoked, subject to Tex. Code Crim. Pro. Art. 102.073? (2) [S]hould a bill of costs entered for a less serious offense be deleted when subsumed by a bill of costs for a more serious one, even if some fees included in it reflect larger sums than equivalent items in the bill of costs of the more serious offense?"

According to Appellant, he was "convicted" at the May 6 unitary hearing when the trial court revoked his deferred adjudication community supervision and adjudicated guilt in number 72268. Appellant reasons the costs assessed in number 72268 should be considered alongside those assessed in numbers 79927 and 80700, which convictions took place the same day, and that he should therefore not have costs assessed against him in number 79927 because the highest category of offense among the three is number 72268 (sexual assault of a child is a second degree felony while failure to register is a

third degree felony), and the costs assessed in 80700 were already deleted in response to issue one. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(b).

The State responds that for the purpose of interpreting and applying article 102.073(a), a person is convicted if he receives deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. art. 101.004(2). Article 101.004(2), however, is applicable only to an offense committed on or after September 1, 2021. Act of May 26, 2021, 87th Leg. R.S., ch. 919 §§ 3, 22, 23, 2021 TEX. GEN. LAWS 2352, 2352, 2355-56. For an offense committed prior to the effective date, the law in effect on the date of the offense is continued. *Id.* at § 22. The date of Appellant's offense in number 72268 was November 15, 2014; costs were assessed May 13, 2021. Thus, article 101.004 has no application here.

Article 102.073 applies to a court cost or fee imposed on or after September 1, 2015, regardless of whether the related offense was committed before or after that date. Act of May 30, 2015, 84th Leg., R.S., ch. 1160, §§ 1, 2, 3, 2015 TEX. GEN. LAWS 3925, 3925. Article 102.073 does not itself ascribe a meaning to "convicted," although many of the articles of Chapter 102 do, and look to when adjudication of guilt was deferred.[2] When

---

[2] *See* former TEX. CODE CRIM. PROC. ANN arts. 102.004(c) (fee for jury reimbursement) (applying the meaning of conviction of Local Government Code section 133.101); 102.005 (fees to clerks); 102.011(j) (fees for service of peace officers) (applying the meaning of "conviction" of Local Government Code section 133.101 (below)); 102.014(e) (child safety fund in municipalities) (applying the meaning of conviction of Local Government Code section 133.101); 102.015(c) (truancy prevention and diversion) (conviction means sentence is imposed or defendant receives deferred disposition); 102.0169(b) (technology fund); 102.017(c) (courthouse security fund); 102.0171(b) (juvenile delinquency prevention fee); 102.0172(b) (municipal court technology fund); 102.0173(b) (justice court technology fund); 102.0174(e) (juvenile case manager fund); 102.0178(b) (costs on certain intoxication and drug convictions); 102.018(c)(1) (cost attendant to intoxication convictions); 102.020(c) (costs related to DNA testing); 102.022(c) (funding repository for civil justice data).

Local Government Code section 133.101 provides for purposes of Chapter 133, Subchapter C (Criminal Fees) a person is considered to have been convicted if, *inter alia*, "the person receives community supervision, deferred adjudication, or deferred disposition[.]" TEX. LOCAL GOV'T CODE ANN. § 133.101.

the Legislature enacted article 102.073, we presume the entire statute was intended to be effective, a just and reasonable result is intended, and a result feasible of execution is intended.  TEX. GOV'T CODE ANN. § 311.021(2),(3),(4).  We do not find it reasonable to construe a different meaning for the term "convicted" to be applied under these circumstances.  To do so would also result in a disjointed, unreasonable, and infeasible meaning, resulting in inconsistent execution.

Appellant received deferred adjudication community supervision in number 72268 on December 4, 2017.  We therefore conclude for purposes of article 102.073's application, his conviction occurred on December 4, 2017, not May 6, 2021.  Accordingly, article 102.073 does not require deletion of the costs assessed in numbers 79227 (and 80700).  In light of our conclusion, review of Appellant's second sub-issue under his second issue is unnecessary.  TEX. R. APP. P. 47.4.  Appellant's second issue is overruled.

*Third Issue*

Appellant next argues that "[t]he bill of costs in each of the four causes assesses a 'Time Payment Fee' of either $25 or $15.  The courts have concluded that such assessments are premature during the pendency of an appeal.  Should these items be deleted from each remaining bill of costs?"  Texas Code of Criminal Procedure article 102.030(a) provides: "A person convicted of an offense shall pay a reimbursement fee of $15 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution, or another reimbursement fee, on or after the 31st

8

day after the date on which a judgment is entered assessing the fine, court costs, restitution, or other reimbursement fee."[3] TEX. CODE CRIM. PROC. ANN. art. 102.030(a).

Here, Appellant timely noticed four appeals. The Court of Criminal Appeals has held that a defendant's appeal suspends the duty to pay fines, court costs, and restitution; therefore, assessment of a time payment fee before the appellate mandate issues is premature. *Dulin v. State,* 620 S.W.3d 129, 132-33 (Tex. Crim. App. 2021). A time payment fee may be assessed if an appellant fails to pay all fines, court costs, and restitution owed within the statutory period. *Dulin,* 620 S.W.3d at 133. As mandate has not yet issued, we delete without prejudice to subsequent assessment the premature time payment fees assessed in numbers 64688, 72268, and 79927, the costs and fees assessed in number 80700 having already been stricken per resolution of Appellant's first issue. *See Groves v. State,* No. 07-21-00006-CR, 2021 Tex. App. LEXIS 5478, at *23 (Tex. App.—Amarillo July 9, 2021, pet. ref'd) (mem. op., not designated for publication). Appellant's third issue is sustained.

### Fourth Issue

Appellant next argues: "The bill of costs in [number 64688] charges [Appellant] $56 for a "Clerk Filing Fee." Both when the offense was committed and when the conviction

---

[3] Under former Texas Local Government Code section 133.103(a) the amount of the time payment fee was $25. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a), sec. 133.103(a), 2003 TEX. GEN. LAWS 979, 996-97, *transferred and amended by* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 5.04, 2019 Tex. Gen. Laws 3981, 4010, 4035 (current version at TEX. CODE CRIM. PROC. ANN. art. 102.030 effective January 1, 2020). Because of the disposition we make of this issue, it is unnecessary to correlate each of Appellant's cases with the controlling version of current article 102.030. Nor is it necessary to determine whether the time payment fee appearing on the bill of costs in numbers 64688 and 72268 is the attempted carry-forward of a time payment fee assessed when Appellant was originally placed on community supervision in 2012 (number 64688) and deferred adjudication community supervision in 2017 (number 72268). Finally, if Appellant maintains that error remains, there exists a statutory remedy for correcting any error in costs. *See* TEX. CODE CRIM. PROC. ANN. art 103.008.

was entered, such a fee was statutorily limited to $40.  Should the bill of costs in that case be reduced by $16?"  Former Code of Criminal Procedure article 102.005(a) provided in part, "A defendant convicted of an offense in a county court, a county court at law, or a district court shall pay for the services of the clerk of the court a fee of $ 40."  Act of May 29, 1995, 74th Leg., R.S., ch. 764, § 1, 1995 TEX. GEN. LAWS 3969, 3969, *repealed by* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19(3), 2019 TEX. GEN. LAWS 3981, 3992.  The repeal of article 102.005 was effective for offenses committed on or after January 1, 2020, but remains effective for offenses committed prior to that date.  *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 1.19(3), 5.01, 2019 TEX. GEN. LAWS 3981, 3992, 4035.  The offense in number 64688 was committed before January 1, 2020, so the fees stated in article 102.005 are applicable.

The State argues the $56 clerk's-filing-fee entry is lawful because it consists of the statutorily fixed $40 clerk's fee plus a $16.00 "administrative fee" for eight payment transactions under article 102.072 of the Code."[4]  Nevertheless, the State concedes, and we agree, that the record does not reflect the transactions constituting the $16 administrative fee.  We do not agree with the State's position that some unspecified statutory authority and the bill of costs provide a sufficient legal basis for concluding that

---

[4] Article 102.072 in part provides, "An officer listed in Article 103.003 [district and county attorneys, clerks of district and county courts, sheriffs, constables, and justices of the peace] or a community supervision and corrections department may assess an administrative fee for each transaction made by the officer or department relating to the collection of fines, fees, restitution, or other costs imposed by a court.  The fee may not exceed $2 for each transaction."  TEX. CODE CRIM. PROC. ANN. art. 102.072.

10

the eight additional transactions are subsumed in the taxable costs.[5]  Former article 102.005 does not grant the clerk discretion to increase fees beyond the mandatory $40.

We therefore modify the bill of costs in number 64688 to state a "clerk filing fee" of $40.  Appellant's fourth issue is sustained.

*Fifth Issue*

Appellant next contends, "The bill of costs in [number 72268] charges [Appellant] $26 for a "Court Cost Collection Fee," and the one in [number 64688] charges him $2 for the same purpose.  A sufficient evidentiary basis must exist to support an assessment of a cost or fee, and [Appellant] finds nothing in the records of those cases to support such a fee.  Should the bills of costs in question be reduced by those sums?"

Article 102.072 of the Texas Code of Criminal Procedure provides in relevant part, "An officer listed in Article 103.003[6] or a community supervision and corrections department may assess an administrative fee for each transaction made by the officer or department relating to the collection of fines, fees, restitution, or other costs imposed by a court.  The fee may not exceed $2 for each transaction."  TEX. CODE CRIM. PROC. ANN. art. 102.072.  As we have noted, our review of assessed court costs concerns whether

---

[5] "[A] bill of costs must contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and it must be certified."  *Johnson,* 423 S.W.3d at 392; *see* TEX. CODE CRIM. PROC. ANN. arts. 103.001,103.006.  The clerk of a court must maintain a fee record, and a statement of an item therein is prima facie evidence of the correctness of that statement. TEX. CODE CRIM. PROC. ANN. art. 103.009(a),(c).  The State's argument that the bill of costs and the statute supply a sufficient basis for the $56 fee entered on the bill of costs is nevertheless belied by the absence of statutory authority allowing the clerk to arbitrarily increase the cost fixed by statute with additional, unspecified fees.

[6] These officers include district and county attorneys, clerks of district and county courts, sheriffs, constables, and justices of the peace.  TEX. CODE CRIM. PROC. ANN. art. 103.003(a).

there is a basis for the cost, not whether sufficient evidence appears of record to prove the costs. *See Davis*, 2020 Tex. App. LEXIS 3287, at *6. However, we believe that when a cost or fee is mandated by statute,[7] but the amount is not fixed by statute, an adequate basis for the award does not merely consist of an itemized bill of costs, but includes sufficient record support. *Cf. Johnson,* 423 S.W.3d at 396 ("Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient."); *Thomas v. State,* 445 S.W.3d 288, 292-93 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (considering evidentiary sufficiency). Otherwise, an arbitrary, erroneous bill of costs would be unchallengeable. In number 72268, we find nothing in the clerk's record supporting taxation of the $26 court cost collection fee entered on the bill of costs. The same is also true in number 64688. The clerk's record does not contain documentation supporting a $2 "court cost collection fee."

We sustain Appellant's fifth issue. The bills of costs in numbers 64688 and 72268 are modified to delete a dollar amount attributable to the "court cost collection fee" entry.

*Sixth Issue*

In his final issue, Appellant argues, "The bills of costs in [numbers 64688 and 72268] *each* charge $150 for sheriff's fees, but [Appellant] finds evidence for fees of only $115 in each. The bills of costs in [numbers 79927 and 80700] charge $70 and $60 for sheriff's fees, respectively, but [Appellant] finds evidence for fees of only $55 in each. If

---

[7] "A mandatory cost is one other than attorney's fees that is a predetermined, legislatively mandated obligation imposed upon conviction. Because mandatory costs are fixed by statutes that are published publicly in the laws of the State of Texas, a criminal defendant has constructive notice of those laws, and courts should take judicial notice of those laws." *Johnson,* 423 S.W.3d at 389.

either bill remains, should the bills of costs be reduced by the overage? Should all remaining bills of costs be reduced by the overage?" (emphasis in original).

Article 102.011(a) of the Texas Code of Criminal Procedure provides in relevant part, "A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias, or capias pro fine . . . $10 for taking and approving a bond and, if necessary, returning the bond to the courthouse . . . $5 for commitment or release[.]" TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2),(5),(6).

The clerk's records in numbers 64688 and 72268 do not support the $150 bill of costs entries. However, our review of the record before us likewise fails to reveal the urged sums for these cases.[8] Appellant provides neither authority nor direction through the record for leading us to the conclusion he desires. Rather, he and the State would leave us to audit the bills of costs by rummaging unguided through the clerk's records. We conclude Appellant waived his complaint under this issue. *See* TEX. R. APP. P. 38.1(i); *Mack v. State,* No. 01-20-00068-CR, 2020 Tex. App. LEXIS 8865, at *2-3 (Tex. App.— Houston [1st Dist.] Nov. 17, 2020, no pet.) (mem. op., not designated for publication) (reaching similar conclusion). Appellant's sixth issue is overruled.

### Identification of Defendant in Judgment in Number 79927

On our own motion we address one final matter. The trial court's judgments in numbers 64688, 72268, and 80700 identify their subject as "Douglas Arnold Pruitt."

---

[8] The issue's application to number 80700 is moot because of the disposition of Appellant's first issue.

However, the judgment in number 79927 identifies its subject as "Douglas *Ronald* Pruitt." We note the subject of the complaint in number 79927 is "Douglas Arnold Pruitt," while the subject of the indictment is "Douglas *Ronald* Pruitt." The dates of birth are the same. Before the trial court at the April 28 hearing, "Douglas *Arnold* Pruitt" pleaded guilty to the charge in number 79927. The trial court imposed sentence on "Douglas Pruitt." "Douglas Arnold Pruitt" then filed a pro se notice of appeal, challenging the trial court's judgment in number 79927. The appellant's brief identifies the appealing party in each of the four appeals as "Douglas Arnold Pruitt."

Based on the contents of the clerk's record in number 79927 and the parties' positions on appeal, we think it beyond dispute that the subject of the written judgment in 79927 was Appellant, Douglas Arnold Pruitt. Therefore, on our own initiative, we modify the written judgment in number 79927 to identify the defendant in that cause as "Douglas Arnold Pruitt."

## Conclusion

We modify the judgment in number 80700 by deleting the costs and fees stated in the attached bill of costs. We delete without prejudice the time payment fee stated on the bill of costs in numbers 64688, 72268, and 79927. We modify the bill of costs in number 64688 by reducing the "clerk filing fee" to $40. We modify the bill of costs in number 72268 by deleting a stated dollar amount for the "court cost collection fee." We modify the bill of costs in number 64688 by deleting a stated dollar amount for the "court cost collection fee." We modify the judgment in number 79927 to identify the defendant in that

14

cause as Appellant, "Douglas Arnold Pruitt" rather than the erroneously-named "Douglas Ronald Pruitt."

Having made these stated modifications to the bills of costs and the judgment, we affirm the district court's judgments as modified in numbers 64688, 72268, 79927, and 80700.

Lawrence M. Doss
Justice

Do not publish.