# NOS. 12-22-00034-CR
# 12-22-00035-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AVIEL DAVID OLIVA GARCIA,*<br>*APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Aviel David Oliva Garcia appeals his convictions for evading arrest and forgery. In his sole issue, Appellant argues the trial court improperly imposed court costs in the forgery case. We affirm in the evading arrest case (trial cause number 114-0771-21, appellate cause number 12-22-00034-CR), and we modify and affirm as modified in the forgery case (trial cause number 114-0772-21, appellate cause number 12-22-00035-CR).

## BACKGROUND

Appellant was charged by indictment with the third degree felony offense of evading arrest.[1] Appellant was also charged by indictment with the third degree felony offense of forgery.[2] Appellant pleaded "guilty" to both offenses in a single criminal action. In a single punishment hearing, the trial court found Appellant to be "guilty" of both offenses, assessed punishment at four years of imprisonment for the evading arrest case, two years of imprisonment for the forgery case, ordered court costs for both cases, and ordered that the sentences would run concurrently. These appeals followed.

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b) (2)(A) (West 2016).

[2] *See id.* § 32.21(e) (West Supp. 2021).

## ASSESSMENT OF DUPLICATIVE COURT COSTS

In his sole issue, Appellant argues that the imposition of court costs in the forgery case is improper because said costs are duplicative of those assessed in the evading arrest case. The State concedes that the assessment of court costs in both cases was error.

## Applicable Law

The Texas Code of Criminal Procedure provides as follows:

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2018). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

## Analysis

In this case, the record shows that the allegations and evidence of both offenses were presented in a single plea proceeding, or "criminal action." *See id.* at 203-04. Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The judgment in trial cause number 114-0771-21 shows a court cost assessment of $251.50, and the judgment in trial cause number 114-0772-21, shows a court cost assessment of $251.50. As noted, the two bills of cost contain identical costs. We conclude that the trial court erred by assessing the same fees twice against Appellant. *See id.*

Furthermore, Article 102.073(b) provides that costs must be assessed using the highest category of offense based on Appellant's convictions. *See id.* art. 102.073(b). Here, both of Appellant's convictions were for a third degree felony offense. Where a defendant has multiple convictions for the same level of offense, the court should delete the costs in the case with the lower amount of costs assessed and retain the costs for the case with the highest amount assessed. *See Cain v. State*, 525 S.W.3d 728, 734 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). However, the respective bill of costs show that the costs imposed in each case are identical. Where a defendant is convicted of two or more offenses or of multiple counts of the

same offense in a single criminal action, and the convictions are the same category of offense and the costs are all the same, appellate courts have held that court costs should be based on the lowest cause number. *See Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd, improvidently granted, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017) (not designated for publication); *Johnson v. State*, Nos. 05-19-00641-CR, 05-19-00642-CR, 2020 WL 4745552, at *5 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication); *Duchesneau v. State*, Nos. 02-18-00321-CR, 02-18-00322-CR, 2019 WL 2455619, at *7 (Tex. App.—Fort Worth June 13, 2019, pet. ref'd) (mem. op., not designated for publication). Accordingly, the court costs should be based on the evading arrest case, trial cause number 114-0771-21.

We sustain Appellant's issue as to the duplicative court costs assessed against him in trial cause number 114-0772-21. We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in trial cause number 114-0772-21, we conclude that the judgment, the attached order to withdraw funds, and the bill of costs in that case (i.e., appellate cause number 12-22-00035-CR) should be *modified* to remove the duplicate court costs totaling $251.50. *See id.*; *see also* TEX. R. APP. P. 43.2(b).

## DISPOSITION

Having sustained Appellant's sole issue as to trial cause number 114-0772-21 (appellate cause number 12-22-00035-CR), we *modify* the trial court's judgment, order to withdraw funds, and bill of costs in the forgery offense, to reflect that the amount of court costs is $0.00. *See* TEX. R. APP. P. 43.2(b). In all other respects, we *affirm* the trial court's judgment in trial court cause number 114-0772-21 as modified. We *affirm* the trial court's judgment in the evading arrest case (trial court cause number 114-0771-21, appellate cause number 12-22-00034-CR).

**BRIAN HOYLE**
Justice

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-22-00034-CR**

**AVIEL DAVID OLIVA GARCIA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0771-21)

THIS CAUSE came to be heard on the appellate record and brief(s) filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-22-00035-CR**

**AVIEL DAVID OLIVA GARCIA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0772-21)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment, Order to Withdraw Funds, and bill of costs of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to reflect that the amount of court costs is $0.00.; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*