**Affirmed as Modified and Opinion Filed September 8, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00558-CR
### No. 05-22-00559-CR

**JACOB ANDREW ALBIAR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1856926-M & F-1856927-M**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Miskel

Appellant Jacob Andrew Albiar appeals his convictions for intoxication manslaughter and failure to stop and render aid in an accident involving the death of a person. Albiar raises three issues, two of which he did not preserve in the trial court. In the remaining issue, Albiar challenges the assessment of costs, and the State concedes error. We therefore affirm as modified.

# I.    BACKGROUND

According to Albiar's recollection, the evening of August 19, 2018, he was drinking at a bar on Riverfront Boulevard in Dallas when he got into a fight with another patron. After the fight, he slipped and hit his head. He called a cousin to come pick him up, but instead of waiting for his cousin, he decided to try to drive home while intoxicated.

He blacked out when driving home along Riverfront and veered into the bike lane, where Misty Cruz was riding her bicycle. Seeing the car coming, Cruz abandoned her bike and ran into a driveway, but the car plowed up the driveway and hit her. Cruz was thrown 155 feet and killed. The car then struck a heap of railroad-tie timber that was piled in front of a restaurant and came to rest. Based on the distance that Cruz was thrown, Detective Ricardo Rodriguez calculated that Albiar must have been traveling at least fifty-five miles per hour, whereas the speed limit for Riverfront was thirty-five miles per hour.

Albiar ran across the street and entered another bar on Riverfront where his cousin sometimes worked. A sheriff's deputy entered the bar a short while later. He found Albiar in the bathroom and arrested him. Albiar blacked out while performing field sobriety testing and came to in a hospital room, where a warrant for a blood sample was executed. The toxicology report reflected that Albiar's blood-alcohol content was 0.177.

Albiar was indicted for intoxication manslaughter and failure to stop and render aid in an accident involving the death of a person, both felonies of the second degree. *See* TEX. PENAL CODE § 49.08(b); TEX. TRANSP. CODE § 550.021(c)(1)(A). He entered an open plea of guilty to both offenses, and, independently, the State waived the indictment's allegation that Albiar used a deadly weapon during the offenses. The trial court sentenced him to fourteen years in each case. Albiar appeals.

## II.    ALBIAR DID NOT PRESERVE HIS ARGUMENT CONCERNING ALLOCUTION

For convenience, we begin with Albiar's second issue, in which he complains the trial court violated his common law right to allocution, such that he should receive a new punishment hearing. Albiar concedes that the trial court substantially complied with the statutory requirements for allocution. But Albiar maintains that the trial court failed to respect his common law right to allocution, which he argues is different from and broader than the statutory right that the trial court observed. However, he did not raise any argument concerning allocution in the trial court.

The term "allocution" refers to a criminal defendant's opportunity to present his personal plea to the court in mitigation of punishment before sentence is imposed. *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g); *Watkins v. State*, No. 05-19-00557-CV, 2020 WL 1809503, at *4 (Tex. App.—Dallas Apr. 9, 2020, no pet.) (mem. op., not designated for publication). The statutory right

to allocution requires that the defendant be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. art. 42.07.

"[T]o complain on appeal of the denial of the right of allocution—regardless of whether it is statutory, or one claimed under the common law—a defendant must timely object." *Hicks v. State*, Nos. 05-20-00614-CR, 05-20-00615-CR, 2021 WL 3042672, at *1 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication); *accord Zamarron v. State*, No. 05-19-00632-CR, 2020 WL 6280869, at *4 (Tex. App.—Dallas Oct. 27, 2020, pet. ref'd) (mem. op., not designated for publication); *Winters v. State*, No. 05-19-00696-CR, 2020 WL 5036148, at *7 (Tex. App.—Dallas July 2, 2020, pet. ref'd) (mem. op., not designated for publication); *Hall v. State*, Nos. 05-18-00442, 05-18-00443-CR, 2019 WL 3955772, at *1 (Tex. App.—Dallas Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication). We have repeatedly held that a defendant who fails to timely object to the denial of his right of allocution does not preserve the complaint for appeal. *Hicks*, 2021 WL 3042672, at *1 (collecting cases).

Albiar did not timely raise any objection concerning the common law right of allocution. Because Albiar did not preserve this argument, we overrule his second issue without regard to its merit. *See* TEX. R. APP. P. 33.1.

# III. ALBIAR DID NOT PRESERVE HIS ARGUMENT CONCERNING THE OBJECTIVES OF THE PENAL CODE

In his third issue, Albiar contends that his 14-year sentences violated the stated objectives of the Texas Penal Code.[1] *See* TEX. PENAL CODE § 1.02. According to Albiar, the objectives give rise to substantive rights, and his sentences violated these rights because he was not a habitual offender and because he accepted responsibility for his mistakes. However, Albiar made no objection to his sentences in the trial court.

---

[1] Those objectives are stated as follows:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1)     to insure the public safety through:

    (A)     the deterrent influence of the penalties hereinafter provided;

    (B)     the rehabilitation of those convicted of violations of this code; and

    (C)     such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2)     by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3)     to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4)     to safeguard conduct that is without guilt from condemnation as criminal;

(5)     to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and

(6)     to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

TEX. PENAL CODE § 1.02.

"As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court." *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). We have consistently rejected arguments concerning sentences that allegedly contravene the objectives of the Texas Penal Code when no such argument was raised in the trial court. *See Mitchelltree v. State*, No. 05-21-00105-CR, 2022 WL 3593344, at *3 (Tex. App.—Dallas Aug. 23, 2022, no pet.) (mem. op., not designated for publication); *Williams v. State*, Nos. 05-20-00094-CR through 05-20-00097-CR, 2021 WL 777084, at *2 (Tex. App.—Dallas Mar. 1, 2021, no pet.) (mem. op., not designated for publication); *Zamarron*, 2020 WL 6280869, at *4; *Briggs v. State*, Nos. 05-19-01310-CR, 05-19-01339-CR, 2020 WL 6268480, at *3 (Tex. App.—Dallas Oct. 26, 2020, no pet.) (mem. op., not designated for publication).

Because Albiar did not preserve this argument, we overrule his third issue without regard to its merit.

### IV. MODIFICATION OF THE JUDGMENT

We conclude with Albiar's first issue and the arguments raised by the State concerning a series of defects in the judgments and bills of costs.

Albiar argues that the trial court erred by assessing costs against him with respect to both offenses for which he was convicted because the offenses were tried in a single criminal action. The State concedes error.

In a single criminal action in which a defendant is convicted of two or more offenses, the court may assess each court cost or fee only once against the defendant. TEX. CODE CRIM. PROC. art. 102.073(a). For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a "single criminal action." *Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.). Where a defendant has multiple convictions for the same level of offense, the court should delete the costs in the case with the lower amount of costs assessed and retain the costs for the case with the highest amount assessed, when it accounts for additional fees incurred. *See Cain v. State*, 525 S.W.3d 728, 734 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

In cause number F-1856926-M, Albiar was convicted of intoxication manslaughter, a second-degree felony for which the trial court assessed costs of $390. In cause number F-1856927-M, Albiar was convicted of failure to stop and render aid, a second-degree felony for which the trial court assessed costs of $386, and the fees assessed therein are largely duplicative of the fees in cause number F-1856926-M except for a $100 sheriff's fee.

However, the State points out other errors that are present in the judgments and bills of costs for both cases. The State notes that the trial court assessed a $1 jury fee and $25 specialty court fee in both cases, but the statute that authorized these costs does not apply to offenses that were committed before January 1, 2020, as

Albiar's offenses were.  *See* TEX. LOC. GOV'T CODE § 134.101(b); *Shuler*, 650 S.W.3d at 687.  The trial court also assessed a $10 courthouse security fee in both cases, whereas the prior statute that governs Albiar's offenses authorized only a $5 courthouse security fee.  *See* TEX. LOC. GOV'T CODE § 134.101(b); *Contreras v. State*, Nos. 05-20-00185-CR, 05-20-00186-CR, 2021 WL 6071640, at *9 & n.7 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication).  Finally, the trial court assessed consolidated felony fees of $162.50 for Albiar's intoxication manslaughter offense and $185 for Albiar's failure to stop and render aid offense, whereas the applicable law instead provided for a $133 fee. *See Shuler*, 650 S.W.3d at 691.

After recalculating these fees consistent with the amounts authorized at the time of Albiar's offenses, the offense with the higher amount assessed is intoxication manslaughter in cause number F-1856926-M, which, as adjusted, warranted total fees of $329.50.  *See Cain*, 525 S.W.3d at 734.

Furthermore, under the heading "Terms of Plea Bargain," both judgments state "14 YEARS TDCJ."  The State points out that there was no plea bargain in these cases and that Albiar instead entered an open plea of guilty.

We have the authority to modify an incorrect judgment to make the record speak the truth when we have the information necessary to do so.  *Shumate v. State*,

649 S.W.3d 240, 244 (Tex. App.—Dallas 2021, no pet.) (op. on reh'g); *see* TEX. R. APP. P. 43.2(b).

We sustain Albiar's first issue. We modify the judgment and bill of costs in cause number F-1856927-M to delete all costs assessed against him in that cause except the $100 sheriff's fee. We modify the judgment and bill of costs in cause number F-1856926-M to delete the $1 jury fee and the $25 specialty court fee, and to reduce the courthouse security fee to $5 and the consolidated felony fee to $133, for a total of $329.50. Further, we modify the judgments in both causes to delete the notation "14 YEARS TDCJ" under the heading "Terms of Plea Bargain."

## V.   CONCLUSION

We affirm the judgments as modified.


/Emily Miskel/
EMILY MISKEL
220558f.u05                         JUSTICE
220559f.u05
Do Not Publish
TEX. R. APP. P. 47

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JACOB ANDREW ALBIAR,
Appellant

No. 05-22-00558-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1856926-M.
Opinion delivered by Justice Miskel.
Justices Partida-Kipness and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

The $1 jury fee and the $25 specialty court fee are DELETED, the courthouse
security fee is REDUCED to $5, and the consolidated felony fee is REDUCED to
$133, for a total of $329.50.

The judgment is further MODIFIED to DELETE the notation "14 YEARS TDCJ"
under the heading "Terms of Plea Bargain."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of September, 2023.



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JACOB ANDREW ALBIAR,
Appellant

No. 05-22-00559-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1856927-M. Opinion delivered by Justice Miskel. Justices Partida-Kipness and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

All costs assessed against Appellant are DELETED EXCEPT the $100 sheriff's fee.

The judgment is further MODIFIED to DELETE the notation "14 YEARS TDCJ" under the heading "Terms of Plea Bargain."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of September, 2023.